```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
REBECCA GLORIA YOHALEM,

                    Plaintiff,

     -against-                              MEMORANDUM & ORDER
                                            12-CV-3706(JS)(ETB)
BRUNSWICK HALL CORPORATION, Jalees
AHMED, Director, ABID KHAN, Director,
HAMPTONS CENTER ADMINISTRATION,
NANCY SYDLOWSKI, Administration and
Office, and AARON WOODS, Administration
and Office,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:         Rebecca Gloria Yohalem, pro se
                       27 Cedar Dr.
                       Miller Place, NY 11764

For Defendants:
Brunswick Hall &       Eric Broutman, Esq.
Jalees Ahmed           Abrams Fensterman Fensterman Eisman
                            Greenberg Formato Einige
                       1111 Marcus Avenue, Suite 107
                       Lake Success, NY 11042

Hamptons Center        William Matthew Groh, Esq.
Admin. & Aaron         Naness, Chaiet & Naness, LLC
Woods                  375 North Broadway, Suite 202
                       Jericho, NY 11753

Abid Khan, M.D.        Brian E. Lee, Esq.
                       Ivone, Devine & Jensen
                       2001 Marcus Avenue
                       Lake Success, NY 11042

Nancy Sydlowski        No appearance
```

SEYBERT, District Judge:

Plaintiff Rebecca Gloria Yohalem ("Plaintiff") commenced this action pro se on July 25, 2012 against Brunswick

Hall Corporation, Jalees Ahmed, Abid Khan, Hamptons Center Administration, Nancy Sydlowski, and Aaron Woods (collectively, "Defendants"). Pending before the Court are motions for judgment on the pleadings filed by Abid Khan (Docket Entry 30), Hamptons Center Administration and Aaron Woods (Docket Entry 31), and Brunswick Hall and Jalees Ahmed (Docket Entry 32). For the following reasons, the motions are GRANTED, and Plaintiff's Complaint is DISMISSED.

BACKGROUND

Plaintiff's Complaint, which is handwritten on the Court's complaint form, is difficult to read and, at times, incomprehensible. It describes the relevant facts as follows:[1]

> Assault by Ambush - Fired Dart: Anesthesia, that struck skull + wound and huge swelling and paralyzed left leg one month--severe allergy distress Coma + Semi-Coma 10 days – Wound Bleeding Total Coma - taken to hospital 2 weeks later Jan 13/08 a trespasser took body by silizzure - at midnight driving 100 miles east to a building/abduction turned into deprivation of self-protection and siezure for unfair retention of an involuntary-kidnapped: No doctor or nurse - siezure of Medicare and Social Security for 3 suffering years: 36 months transferring from Hampton's to Brunswick disorder of interception against Law of Mental Hygiene and Siezure Amendment IV violated. Also falsification revealed forgery and larceny. . . .

---

[1] The Court has reproduced the following excerpts from Plaintiff's Complaint as it appears in the original and has not corrected or noted any spelling, punctuation, or grammatical errors.

(Compl. ¶ III.B.)  The Complaint further states that Plaintiff suffered the following injuries:

> Second Assault Dec 26/08 beaten black & blue by attendant who attempted robbery 6:00AM - state investigator charged - civil penalties assessed Code 401.1 Report 1/29/09. July 2009 State posted bulletin + central complaint ceiling leaking in 2009 caused accident skid into cement wall - concussion R.N. Time healed wound - however, incessancy of siezures continued.  Till Hon. Judge [name illegible] demanded Order to Show Cause 11/17/09: Discovered after retention of 22 months: Calumny.

(Compl. ¶ IV.)  Plaintiff is seeking the following relief:

> Preamble demand of Ten Billion Dollars U.S.A. Remedial Liability - One Billion Dollars. Rebecca G. Yohalem. 3 years of art career were attacked by retention attempt to apply art service - appalled me. And introductions annoyance was incessant and attacking. 3 year siezure of $40,000.00 Social Security never returned - loss of life + accident $500,000.00. Bank Loss of 18 years in payment to insurance – Al caused loss of banking + foreclosure - no relief whatsoever despite U.S. Mail being withheld and opened and never delivered $3,000.00 - not given to bank. Caused foreclosure insurance loss of 18 years payments - cruelty manifest; art career product snagged - U.S.A [illegible]. Siezure and torture of One Billion Dollars demand.

(Comp. ¶ V.)  Attached to the Complaint are: (1) a letter to the Clerk of the Court, (2) an excerpt of a brief submitted on behalf of Plaintiff in the Appellate Division Second Department, Index No. 10-04120, on June 2, 2010, (3) three photocopies of the cover page of the U.S. Constitution, (4) an excerpt from a

3

book on the Bill of Rights, and (5) a copy of an order dated March 26, 2010 regarding Plaintiff's discharge from Brunswick Psychiatric Center.

Defendants Khan, Ahmed, Woods, Brunswick Hall, and Hamptons Center Administration filed answers to the Complaint. (Docket Entries 12, 14, 17.) On January 16, 2013, they moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing, inter alia, that the Complaint must be dismissed for failure to comply with Rule 8. (Docket Entries 30-32.) Defendant Sydlowski has yet to answer or otherwise appear in this action. The motions for judgment on the pleadings are currently pending before the Court.

DISCUSSION

The Court will first discuss the applicable standard of review before addressing the merits of Defendants' motions.

I. Standards of Review

A. Under Rule 12(c)

The standard for deciding a motion pursuant to Rule 12(c) "is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct.

4

1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of the complaint's allegations as true, this "tenet" is inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss. Id. at 679 (citing Twombly, 550 U.S. at 556). Although pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)), "[t]hat policy . . . does not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable.," Barsella v. United States, 135 F.R.D. 64, 66 (S.D.N.Y. 1991).

 B. Under Rule 8

Rule 8 provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The statement should be plain because the principal function of pleadings

under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. (internal quotation marks and citation omitted).

"A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Struck v. U.S. House of Representatives, 68 F. App'x 233, 235 (2d Cir. 2003) (quoting Salahuddin, 861 F.2d at 42); accord Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972) ("Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed.").

II. Analysis

The Court finds that Plaintiff's Complaint fails to comply with Rule 8. Although the Complaint mentions the Fourth Amendment--which protects against unreasonable seizure--its vague references to ambush, seizure, trespass, and kidnapping fail to put Defendants on notice of the claims against them.

6

The individual Defendants--Ahmed, Khan, Sydlowski, and Woods--are not mentioned once in the body of the Complaint, and the only reference to Brunswick Hall and the Hamptons Center Administration is that Plaintiff was transferred from one facility to the other at some point. Accordingly, the Complaint must be DISMISSED. See, e.g., Middleton v. United States, No. 10-CV-6057, 2012 WL 394559, at *3 (E.D.N.Y. Feb. 7, 2012) (dismissing a complaint under Rule 8 because the plaintiffs' "rambling, conclusory, possibly delusional allegations [were] so vague as to make it impossible for defendants to frame a response" (internal quotation marks omitted)); Ramkissoon v. Blackstone Grp. L.P., No. 11-CV-5862, 2011 WL 6817935, at *3 (E.D.N.Y. Dec. 28, 2011) (dismissing a complaint where the allegations were "the product of delusion or fantasy").

III. Leave to Replead

Although Plaintiff has not specifically requested leave to replead, the Second Circuit has stated that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to

7

amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *5 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, leave to replead would be futile because, even construing the Complaint liberally, Plaintiff will be unable to state a valid claim for the violation of her rights under the Fourth Amendment. In order to state a claim for the violation of an individual's constitutional rights, a plaintiff must allege that: (1) a person acting under color of state law (2) deprived the plaintiff of a right guaranteed by the Constitution. See 42 U.S.C. § 1983. While it is possible that Plaintiff will be able to plead that her Fourth Amendment rights were violated, see Glass v. Mayas, 984 F.2d 55, 57 (2d Cir. 1993) ("The Fourth Amendment requires that an involuntary hospitalization may be made only upon probable cause, that is, only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." (internal quotation marks and citation omitted(), the Court finds that she will be unable to establish that Defendants--who are all private entities and individuals employed by those entities--were acting under color of state law, see Doe v. Harrison, 254 F. Supp. 2d 338, 342-44 (S.D.N.Y.

2003) (finding that a private hospital's involuntarily hospitalizing a patient pursuant to New York's Mental Hygiene Law did not constitute state action for the purposes of Section 1983); Middleton, 2012 WL 394559, at *5 (dismissing involuntary hospitalization claims against a private hospital and a private physician, finding that neither was a state actor). Accordingly, leave to replead is DENIED.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motions for judgment on the pleadings are GRANTED, and Plaintiff's Complaint is DISMISSED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May  17 , 2013
       Central Islip, NY

---

[2] To the extent that Plaintiff would amend her Complaint to assert claims arising under state law, without any legally cognizable federal claims, the Court would lack jurisdiction. See 28 U.S.C. § 1331.

9